**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

| | | |
|---|---|---|
| In Re: | * | |
|     LUCINDA M. MARSHALL | * | Case No: 10-17409 |
| | * | |
|     Debtor. | * | Chapter 13 |
| * * * * * * | * | * * * * * * |
|     LUCINDA M. MARSHALL | * | |
| | * | |
|     Movant, | * | |
| vs. | * | |
| | * | |
|     FRANK JAMES WARD, III, | * | |
| | * | |
|     Respondent. | * | |
| * * * * * * | * | |

SERVE ON:

Frank James Ward, III
c/o The Money Centre, Ltd.
229 W. Main Street
Salisbury, MD 21801
*Principal Office per SDAT*

Frank J. Ward, III, President
c/o The Money Centre, Ltd.
2502 Worcester Highway
Pocomoke City, MD 21851
*Resident Agent per SDAT*

    *    *    *    *    *    *    *    *    *    *    *    *

**DEBTOR'S MOTION TO DETERMINE STATUS AND AVOID LIEN**
**PURSUANT TO 11 U.S.C. SECTION 506(a)**

    NOW COMES, the Debtor (the "Movants"), by and through Jeffrey M. Sirody, Esquire, her attorney, and in filing this *Debtor's Motion To Determine Status And Avoid Lien Pursuant To 11 U.S.C. Section 506(a)*, states as follows:

    1.    This is a core proceeding over which the Court has subject matter jurisdiction pursuant to 11 U.S.C. Sections 502 and 506, 28 U.S.C. Section 157(b)(2)(B) and (K), and Federal Bankruptcy Rules 3012 and 9014.

    2.    The Movant filed this case on April 6, 2010, under Chapter 13.

    3.    The Movant is a resident of Wicomico County, State of Maryland and is the

        fee simple owner of an interest in certain real property known as: 110 Oak Street, Fruitland, Maryland 21826 (the "Property").

4. American Home Mortgage Services, Inc. holds a perfected senior mortgage lien ("First Lien") duly recorded in the Land Records Office of Wicomico County against the Property and is entitled to a secured claim in the amount of approximately $127, 879.00, per Debtor's Schedule D.

5. Subsequent to when the First Lien was recorded, a Junior Mortgage Lien ("Second Lien") was recorded in favor of Frank James Ward, III d/b/a The Money Centre, Ltd.  The amount currently owed on the Second Lien is $6,000.00, per Debtor's Schedule D.

6. The Property has a value of $110,654.00, which is supported by an online valuation obtained at www.cyberhomes.com.  See attached.

7. Pursuant to Sections 506(a) and 1322 of Title 11, the Bankruptcy Code, the Second Lien of Respondent is wholly unsecured; there exists no equity in the Property above what is needed to satisfy the First Lien.

8. According to Johnson v. Asset Management Group, LLC, 226 B.R. 364 (D. Md. 1998), while a mortgage lien against the Movant's property may be avoided upon the entry of the discharge, an order avoiding that lien is necessary for filing among the Land Records of that property's city/county to clear title to the property; in this instance, Wicomico County, Maryland.

9. Movant hereby files this Motion to determine the extent of the value of the Respondent's security interest in the Property, and to strip/avoid the junior lien (Second Lien) of Respondent.

10. Such status determination and lien avoidance is necessary for the Movant's successful reorganization and for the benefit of the unsecured creditors.

WHEREFORE, upon the premises considered, the Movant respectfully requests this Court find in favor of the Movant and enter an order that:

    a. Declares that the Second Lien of Respondent is wholly unsecured; and

    b. The junior mortgage lien (Second Lien) of Respondent is entirely avoided; and

  c. The Respondent shall remove its Second Lien from the land records of the appropriate county upon completion of this case; and

  d. Grant such other and further relief as may be fair and just.

    Respectfully submitted,

June 3, 2010   _____/s/_____
    Jeffrey M. Sirody, Bar No.11715
     Sirody Frieman & Feldman, PC
    1777 Reisterstown Road, Suite 360
    Baltimore, MD 21208
    (410) 415-0445

    Counsel for the Debtor/Movant

## **CERTIFICATION OF NOTIFICATION AND MAILING**

 I hereby certify and affirm under the penalties of perjury that on this 3rd day of June 2010, a copy of the foregoing *Motion to Determine Secured Status Pursuant to 11 U.S.C. Section 506, proposed Order* and *Notice of Hearing* and were sent by first class mail to:

 Frank James Ward, III
 c/o The Money Centre, Ltd.
 229 W. Main Street
 Salisbury, MD 21801

*via Certified Mail:*

 Frank J. Ward, III, President
 c/o The Money Centre, Ltd.
 2502 Worcester Highway
 Pocomoke City, MD 21851

*and electronically served upon*:
 Office of U.S. Trustee
 Chapter 13 Trustee

    _____/s/_____
     Jeffrey M. Sirody, Esquire